IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

STEVE GOLDSMITH,

    *Plaintiff,*

vs.

    Case No. 22-CV-36-EFM

UNITED STATES,

    *Defendant.*

**MEMORANDUM AND ORDER**

    Before the Court is the United States' Motion to Dismiss (Doc. 16) each of Plaintiff Steve Goldsmith's claims for lack of jurisdiction and failure to state a claim. For his part, Plaintiff has asserted claims under state law for negligence, slander, libel, misrepresentation, "malicious abuse of power,"[1] and violation of his constitutional right to freedom of speech. Each claim stems from the Department of Veteran Affairs ("VA") hospital staff's decision to place a behavioral "red flag" in Plaintiff's patient record and the alleged falsification of Plaintiff's medical records. For the reasons set forth below, the Court finds that it lacks jurisdiction over Plaintiff's claim. Accordingly, the United States' Motion is granted.

---

[1] The only other Tenth Circuit example of a plaintiff bringing a claim for "malicious abuse of power" was a pro se plaintiff in *Hunt v. Lamb*, 220 F. App'x 887, 889 (10th Cir. 2007). That claim was dismissed for failure to state a judicially cognizable claim. *See id.*

### I. Factual and Procedural Background[2]

Plaintiff is a veteran residing in Oklahoma. At some point, he went to the Muskogee, Oklahoma VA hospital to receive treatment. Upon his arrival, a staff member inserted a "red flag" into his file, labeling him at risk for disruptive or dangerous behavior and requiring him to undergo a formal risk assessment for violence. The staff member made this decision based on an allegation that Plaintiff had been subjected to a similar red flag in Hawaii. Plaintiff, however, has never received any treatment in Hawaii, a fact the staff member would have discovered had he performed an investigation into Plaintiff's medical records. This red flag restricted Plaintiff's access to medical treatment and "created extra red tape" each time he sought treatment.

The Muskogee VA hospital staff continued to mistreat Plaintiff by falsifying information in Plaintiff's file, stating that he made a complaint against his podiatrist and had sent pornographic materials to a recipient in the VA email system. According to Plaintiff, he suffered "embarrassment, humiliation and emotional anguish" from these falsified records.

Plaintiff brought the present case in federal court on January 31, 2022, alleging claims against the United States for negligence, slander, libel, misrepresentation, "malicious abuse of power," and violation of his constitutional right to freedom of speech. After an initial motion to dismiss by the United States, Plaintiff submitted an Amended Complaint, resulting in the United States filing the present Motion to Dismiss.

### II. Legal Standard

---

[2] The facts are taken from Plaintiff's Amended Complaint and are considered true for the purposes of this Order.

Fed. R. Civ. Pro. 12(b)(1) permits a party to move to dismiss any claim for lack of subject matter jurisdiction. In fact, Rule 12(h)(3) requires courts to dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." This is because federal courts are courts of limited jurisdiction and must have a statutory or constitutional basis to exercise jurisdiction over the subject matter of a suit.[3] Absent an unequivocal waiver, sovereign immunity prohibits private lawsuits against the federal government and its agencies.[4] To bring a suit against the United States, the plaintiff bears the burden of identifying with specificity the statutory provision waiving immunity.[5] Only the "unequivocally expressed intent of Congress" results in waived immunity, as courts must "constru[e] ambiguities in favor of immunity."[6]

### III.     Analysis

As an initial matter, Plaintiff failed to respond substantively to the United States' motion to dismiss his negligence claim under Rule 12(b)(6). "Courts routinely deem an issue 'waived' when a party fails to respond to a movant's substantive argument."[7] Because Plaintiff has failed to respond to the United States argument regarding his negligence claim, the Court finds that Plaintiff has expressly abandoned that claim. Therefore, the Court need only discuss Plaintiff's claim for violation of his freedom of speech and his intentional torts claims. Furthermore, the Court finds an analysis of the FTCA and its intentional tort exception sufficient to dispose of

---

[3] *See* U.S. Const. art. III; *Sheldon v. Sill*, 49 U.S. 441, 448–49 (1850).

[4] *See Dolan v. United States Postal Serv.*, 546 U.S. 481, 484 (2006); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992).

[5] *See Iowa Tribe Of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010).

[6] *United States v. Williams*, 514 U.S. 527, 531 (1995) (further citation and quotations omitted).

[7] *Northcutt v. Fulton*, 2020 WL 7380967, at *2 (W.D. Okla. 2020); *see also Zane v. Kramer*, 195 F. Supp. 3d 1243, 1256 (W.D. Okla. 2016) (plaintiff waived claim where he did not respond to argument raised in defendants' summary judgment motion); *Palmer v. Unified Gov't of Wyandotte Cty./Kan. City, Kan.*, 72 F. Supp. 2d 1237, 1250–51 (D. Kan. 1999) ("[T]he court deems plaintiff's failure to respond to an argument raised in defendants' papers tantamount to an express abandonment of any such claim.").

Plaintiff's claims. Accordingly, the Court need not reach the United States' argument regarding the discretionary function exception.

**A.     Plaintiff's constitutional and intentional tort claims cannot be brought against the United States under the FTCA.**

The United States' first contention is that Plaintiff's claims must be dismissed for lack of jurisdiction under Rule 12(b)(1) pursuant to the Federal Tort Claims Act ("FTCA"). The FTCA is a limited waiver of the federal government's sovereign immunity, allowing plaintiffs to bring certain tort claims against the United States.[8] A claimant may bring suit under the FTCA for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant."[9] In other words, a court has subject matter jurisdiction over a tort claim brought against the United States only if the plaintiff can show that his or her claim falls within the statutory requirements of the FTCA.[10]

*1.    Constitutional tort claims are not cognizable under the FTCA.*

In his Complaint, Plaintiff alleges that VA employees "deprived him of his Constitutional Right to Free Speech." Although unclear from the face of the Complaint, this could be considered a constitutional tort claim. "By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right [and] the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."[11] Therefore, Plaintiff's freedom of speech claim, such as it is, must be dismissed.

---

[8] *See* 28 U.S.C. § 1346(b)(1).

[9] *Id.*

[10] *See In re Agent Orange Product Liability Litig.*, 818 F.2d 210, 214 (2d Cir.1987) (stating that the burden is on the plaintiff to both plead and prove compliance with the statutory requirements of the FTCA); *Mechler v. United States*, 2013 WL 3989640, at *4 (D. Kan. 2013) (citing *In re Agent Orange* for the same proposition).

[11] *F.D.I.C. v. Meyer*, 510 U.S. 471, 477–78 (1994).

2.     *The VA immunity statute, 38 U.S.C. § 7316, is inapplicable to the present case.*

In general, the FTCA prohibits plaintiffs from asserting several intentional tort claims against the United States.[12] Namely, the United States has not waived sovereign immunity to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."[13]

Congress crafted an exception to this general rule for patients of VA hospitals in 38 U.S.C § 7316, referred to by the parties as the VA immunity statute. Section 7316 allows patients of Veteran Health Administration hospitals to bring claims against the United States "for damages for personal injury, including death, allegedly arising from malpractice or negligence of a health care employee of the Administration in furnishing health care or treatment."[14] In this context, a health care employee "means a physician, dentist, podiatrist, chiropractor, optometrist, nurse, physician assistant, expanded-function dental auxiliary, pharmacist, or paramedical (such as medical and dental technicians, nursing assistants, and therapists), or other supporting personnel."[15] If the requirements of § 7316(a)(1) are met, then the United States waives immunity to the intentional torts listed in 28 U.S.C. § 2680(h).[16]

In arguing that § 7316(f) applies to the present case, Plaintiff relies heavily on the Tenth Circuit's decision in *Ingram v. Faruque.*[17] There, the Tenth Circuit examined whether a plaintiff's claim for false imprisonment arose "in the context of VA health care employees providing medical

---

[12] 28 U.S.C. § 2680(h).

[13] *Id.*

[14] 38 U.S.C. §§ 7316(a)(1), 7316(f).

[15] *Id.* at § 7316(a)(2).

[16] *See* 38 U.S.C § 7316(f).

[17] 728 F.3d 1239 (10th Cir. 2013).

care or treatment."[18] Specifically, the patient had been confined in a psychiatric ward for 24 hours after making threatening statements about harming or killing his supervisor.[19] Because the action of confining the plaintiff to the psychiatric ward was directly related to and in furtherance of treating the plaintiff's mental health issues, the Tenth Circuit found that plaintiff's claims fell under the VA immunity statute. Accordingly, § 7316(f) applied, meaning the district court would have had jurisdiction to hear the plaintiff's intentional tort claims against the United States.[20]

The *Ingram* court also examined the meaning of "other supporting personnel" under § 7316(a)(2). The Tenth Circuit concluded that not every hospital staff member would qualify, but rather only those "acting within the scope of his or her duties and pursuant to instructions from medical personnel."[21] In other terms, "for other supporting personnel to qualify for immunity under § 7316(a)(1) or § 7316(f), they must provide support for medical personnel, § 7316(a)(2), in furnishing medical care or treatment while in the exercise of their duties in or for the Administration."[22]

Here, Plaintiff fails to allege facts showing how the VA staff member's placement of a red flag in his file was somehow furnishing health care or treatment. After all, placing a red flag was not for Plaintiff's benefit but rather to keep others safe. Neither were the allegedly false reports of Plaintiff complaining about his podiatrist and sending pornographic materials to a VA email address made pursuant to or in furtherance of treating Plaintiff's medical issues. Plaintiff makes no factual argument to the contrary.

---

[18] *Id.* at 1249.

[19] *Id.* at 1241.

[20] *Id.* at 1250–51.

[21] *Id.* at 1251.

[22] *Id.* (further quotations, brackets, and ellipses omitted).

Likewise, Plaintiff fails to allege that the offending hospital staff members were "supporting personnel" under § 7316(a)(2). As with all jurisdictional burdens, Plaintiff is the one who must show that this Court has jurisdictions to hear his claim. Instead of showing how the facts of his case meet the VA immunity statute's requirements, he consistently block-quotes general legal statements from *Ingram* to support wholly conclusory statements without factual analysis or support. In short, Plaintiff has failed to meet his burden of showing that the base requirements of § 7316(a)(1) and (2) have been met in this case. Accordingly, the Court finds that the VA immunity statute is inapplicable to the present case.

Without the VA immunity statute, Plaintiff must rely solely on the unmodified FTCA to proceed against the United States. As stated above, the FTCA does not waive sovereign immunity regarding slander, libel, misrepresentation, or abuse of process. Therefore, Plaintiff's claims for slander, libel, falsifying government documents by making false entries in Goldsmith's VA medical file, and malicious abuse of power must be dismissed for lack of jurisdiction.

The United States urges this Court to go further and dismiss Plaintiff's intentional infliction of emotional distress ("IIED") claim merely because it is an intentional tort. This would require interpreting 28 U.S.C. § 2680(h) as applying to *all* intentional torts, not just the ones listed in the language of the statute itself. The United States provides no legal support of its interpretation whatsoever.

However, an ambiguity remains as to whether Plaintiff's IIED claims *arises out of* his other intentional tort claims as Plaintiff pleads no independent facts supporting his IIED claim.[23] With

---

[23] *See Mengert v. United States*, 2022 WL 3215009, at *4 (N.D. Okla. 2022) (denying dismissal of IIED claim upon finding that the court had jurisdiction over the intuitional tort out of which it arose); *see also Hockenberry v. United States*, 2021 WL 1187094, at *3 (W.D. Okla. 2021), *rev'd and remanded on other grounds*, 42 F.4th 1164 (10th Cir. 2022) ("Because Plaintiff's IIED claim is derivative of conduct and claims that are excepted under § 2680(h), the claim is barred under § 2680(h)."); *United States v. Shearer*, 473 U.S. 52, 54–55 (1985) (discussing "sweeping language" of "arising out of").

that in mind, and construing all ambiguities in favor of sovereign immunity, the Court finds that Plaintiff's IIED claim arises out of his other intentional tort claims. As such, the Court is without jurisdiction to hear Plaintiff's IIED claim. Therefore, this claim must also be dismissed under Rule 12(b)(1).

**IT IS THEREFORE ORDERED** that the United States' Motion to Dismiss (Doc. 16) is **GRANTED.**

**IT IS SO ORDERED.**

This case is closed.

Dated this 22nd day of December, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE